United States District Court
Southern District of Texas
**ENTERED**
October 17, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | Criminal Action No. H-19-719-4 |
| MICHAEL GOODWIN | § § § | |

### ORDER

Pending before the Court is United States of America's Motion for Stay and Revocation of Release Order (Document No. 78). Having considered the motion, evidence and representations presented during a hearing held on October 16, 2019, and the applicable law, the Court determines the motion should be granted. Accordingly, the Court now enters the following findings of fact and conclusions of law. Any finding of fact that should be construed as a conclusion of law is hereby adopted as such. Any conclusion of law that should be construed as a finding of fact is hereby adopted as such.

### I. BACKGROUND

On September 25, 2019, a federal grand jury in Houston, Texas returned an indictment against Defendant Michael Goodwin ("Goodwin") and five co-defendants.[1] The indictment alleges Goodwin conspired to receive and distribute

---

[1] *Criminal Indictment*, Document No. 45 at 2–3.

child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). Goodwin was arrested in the District of Oregon and transferred to the Southern District of Texas. On October 3, 2019, United States Magistrate Judge Nancy Johnson held a detention hearing where testimony and evidence was received. The Magistrate Judge ordered Goodwin released on a $50,000 unsecured bond and set other conditions of release.[2]

On October 4, 2019, the United States of America (the "Government") moved to stay Goodwin's release and to revoke the Magistrate Judge's release order. On October 8, 2019, the Court granted the Government's request for a stay pending a hearing on the motion to revoke the release order. On October 16, 2019, the Court held a hearing on the Government's motion to revoke the release order. At the hearing, the Court received evidence, including the complete transcript of Goodwin's prior detention hearing, and heard argument from counsel.

## II. FINDINGS OF FACT

1. Goodwin is a citizen of the United States of America.
2. Goodwin does not have a passport.
3. Goodwin has no ties to Houston, Texas.
4. Goodwin lives in Salem, Oregon with his mother, Judith Goodwin, who is

---

[2] *Order Setting Conditions of Release*, Document No. 83.

seventy-nine years old, suffers from macular degeneration, is legally blind in her right eye, and has arthritis in both her knees. Goodwin has lived with his mother in her home for approximately 40 years. Goodwin's mother has offered to serve as a third-party custodian for Goodwin.

5. Goodwin has a previous conviction in Salem, Oregon for misdemeanor criminal mistreatment.[3]

6. Goodwin is unemployed and has been unemployed since approximately 2009. His mother financially supports him.

7. Goodwin has never been married. He has two teenage children who live in Spokane, Washington with their mother.

8. Goodwin reports he was diagnosed with depression nine years ago.[4]

9. At the October 3, 2019 hearing before the Magistrate Judge, Department of Homeland Security ("HSI") Special Agent Criminal Investigator Richard Wilfong ("Wilfong") testified that in September 2018 an HSI investigator observed Goodwin and his co-defendants across three networks containing several Internet Relay Chat ("IRC") rooms. In the different networks, chat users shared links to child pornography and discussed child exploitation.

---

[3] *Pretrial Services Report*, Document No. 99 at 3.

[4] *Pretrial Services Report*, Document No. 99 at 2.

       Goodwin was listed as an administrator on two of the networks.[5]

10.    On August 29, 2019, Goodwin was arrested in the District of Oregon.

11.    Goodwin made post-*Miranda* statements to arresting HSI agents, admitting his role in the activities on the IRC. Goodwin admitted he created chat rooms for trading child pornography and discussing child exploitation, and he acted as a "channel operator," which is a type of chat room administrator.

12.    Post-*Miranda*, Goodwin indicated to HSI agents that at least two devices he used in the residence would contain child pornography.[6]

13.    Goodwin also admitted to HSI agents post-*Miranda* that he engaged in sexual intercourse with two fifteen-year-old minors on different occasions when he was in his mid-to-late twenties. When asked about a third fourteen-year-old minor who was discussed in chat conversations found by HSI, Goodwin stated he would have had sexual intercourse with the fourteen-year-old if given the opportunity.

14.    The indictment charges Goodwin with Conspiracy to Receive and Distribute Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1).

15.    The criminal charge alleged in the indictment carries penalties of a mandatory

---

[5] *Transcript of Detention Hearing*, Document No. 97 at 6–8.

[6] *Transcript of Detention Hearing*, Document No. 97 at 12.

minimum of five years to twenty years imprisonment.

16. On August 19, 2019, a pretrial services report was completed in the District of Oregon based on interviews with Goodwin and his mother. Pretrial Services recommended pretrial detention, finding "no condition or combination of conditions [would] reasonably assure the defendant's future court appearance and the safety of the community."[7]

## III. CONCLUSIONS OF LAW

*A.   Standard of Review*

17. The district court reviews a magistrate judge's release order *de novo*. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985); *see* 18 U.S.C. § 3145(a)(1).

18. Moreover, the district court "must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Rueben*, 974 F.2d at 580, 585–86 (5th Cir. 1992).

19. It is within the district court's discretion to determine the propriety of pretrial release. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *see also United States v. Stanford*, 341 F. App'x 979, 981–82 (5th Cir. 2009) (per curiam).

---

[7] *Pretrial Services Report*, Document No. 99 at 3.

20. "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required." *Rueben*, 974 F.2d at 586.

B. *Flight Risk*

21. The determination of whether a defendant poses a serious flight risk is made based on the preponderance of the evidence. *See, e.g.*, *Fortna*, 769 F.2d at 250.

22. When there is probable cause to believe a person committed an offense involving a minor victim under 18 U.S.C. § 2252A(a)(2), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required. 18 U.S.C. § 3142(e)(3)(E).

23. "The rebuttable presumption of § 3142(e) shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion; however, the mere production of evidence does not completely rebut the presumption." *Rueben*, 974 F.2d at 586.

24. In determining whether there are conditions of release that will reasonably assure the defendant's appearance, the Court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; and (3) the defendant's personal history and characteristics,

including, *inter alia*, ties to the community, employment, financial resources, past conduct, and criminal history. 18 U.S.C. § 3142(g); *Rueben*, 974 F.2d at 586.

    i.    *Nature and Circumstances of the Offenses Charged*

25. Conspiracy to possess and distribute child pornography is a crime against a minor triggering the rebuttable presumption under 18 U.S.C. § 3142(e).

26. Goodwin potentially faces a term of imprisonment of no less than five years and up to twenty years.

27. The severity of the potential sentence weighs in favor of detention. *United States v. Stanford*, 630 F. Supp. 2d 751, 755 (S.D. Tex. 2009) (Hittner, J.) (citing *United States v. Almasri*, Crim. A. No. H-07-155, 2007 WL 2964780, at *1 (S.D. Tex. Oct. 10, 2001) (Rosenthal, C.J.)).

    ii.    *Weight of the Evidence*

28. The Court also considers the weight of the evidence against the defendant. *See* 18 U.S.C. § 1342(g); *Rueben*, 974 F.2d at 586; *Almasri*, 2007 WL 2964780, at *1.

29. At his October 3, 2019 detention hearing, Goodwin's counsel's cross examination of Wilfong highlighted there was no indication Goodwin had posted any child pornography links in the chat or that Goodwin took part in

creating child pornography.

30. However, Goodwin was observed in several chat rooms where users were trading child pornography and admitted to possessing child pornography on at least two electronic devices in his residence.

31. Goodwin also admitted he was not just a user in the IRC, but was an administrator of the chat rooms and created two networks dedicated to child pornography and child exploitation.

32. In total, the evidence proffered by the Government is sufficient to weigh in favor of detention.

  iii. *Personal History and Characteristics*

33. The defendant's ties to the community, employment, financial resources, past conduct, and criminal history are included in consideration of the defendant's personal history and characteristics when determining whether the defendant poses a serious flight risk. *See* 18 U.S.C. § 1342(g); *Rueben*, 974 F.2d at 586.

34. The ties to the locality, including family ties, must be the "sort of family ties from which we can infer that a defendant is so deeply committed and personally attached that he cannot be driven from it by the threat of a long prison sentence." *Rueben*, 974 F.2d at 586.

35. "[W]hen the defendant has presented considerable evidence of his

longstanding ties to the locality in which he faces trial, the presumption of flight has been rebutted." *Rueben*, 974 F.2d at 586; *see Almasri*, 2007 WL 2964780, at *1.

36. Here, Goodwin has not established any ties to Houston, Texas. The evidence Goodwin presented shows Goodwin's only ties are to Salem, Oregon, which include his residence at his mother's home and his mother.

37. However, Goodwin's other family do not live nearby. His two brothers live outside Salem and his children live in Spokane, Washington. Goodwin's evidence suggests he does not see any family other than his mother on a regular basis.

38. Furthermore, Goodwin was in Oregon when the indictment was returned and was taken into custody in Oregon.

39. Goodwin has been unemployed since 2009 and receives financial support from his mother.

40. On April 20, 2009, Goodwin was convicted of criminal mistreatment.[8]

41. Goodwin was diagnosed with mental health issues nine years ago and has been

---

[8] Criminal mistreatment involves the violation of a legal duty to provide care for another person by withholding necessary and adequate food, physical care or medical attention from that person. *See State v. Baker-Krofft*, 239 P.3d 226, 228 (Or. 2010). Varying degrees of the crime depend on the defendant's mental state. *See id.*

taking medication. His mother was not aware of his diagnosis or medication.

42. Goodwin admitted he has previously engaged in sexual intercourse with minors as an adult on two separate occasions.

43. Considering the evidence, Goodwin's personal history and characteristics weigh in favor of pretrial detention.

## IV. CONCLUSION

For all the foregoing reasons, the Court determines Goodwin fails to rebut the presumption in favor of pretrial detention. The Court further finds Goodwin is a serious flight risk and there is no condition or combination of conditions of pretrial release that will reasonably assure Goodwin's appearance as required for trial.[9] Accordingly, the Court hereby

**ORDERS** that United States of America's Motion for Stay and Revocation of Release Order (Document No. 78) is **GRANTED**. The Court further

**ORDERS** that United States Magistrate Judge Nancy Johnson's release order issued on October 3, 2019 is hereby **REVERSED**. The Court further

**ORDERS** that Defendant Michael Goodwin is hereby COMMITTED TO THE CUSTODY of the ATTORNEY GENERAL or his designated representative

---

[9] The Government also contends Goodwin is a danger to the community. In light of the Court's conclusion that Goodwin poses a serious flight risk, the Court need not address this contention. *See Rueben*, 974 F.2d at 586.

to be DETAINED pending trial. The Court further

**ORDERS** that Goodwin remains committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Goodwin shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Goodwin to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

SIGNED at Houston, Texas, on this __17__ day of October, 2019.

_____
DAVID HITTNER
United States District Judge